IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JUSTIN LINDSEY BURNS                                                                                    PLAINTIFF

v.                                           Civil No. 6:16-CV-06084-SOH-BAB

RORY GRIFFIN                                                                                           DEFENDANTS

## REPORT AND RECOMMENDATION

This is a civil rights action filed by the Plaintiff, pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation. Currently before the Court is Defendant's Motion to Dismiss. ECF No. 20.

1.      **BACKGROUND**

Plaintiff filed his Complaint on July 14, 2016. ECF No. 1. Plaintiff alleges he was ordered to ride an unruly horse named "Lefty" while on work duty at the Arkansas Department of Correction (ADC) Ouachita River Unit Horse Barn. Lefty kicked him in the mouth and shoulder. As a result, tooth number seven was broken off at the gum, and tooth number six was permanently damaged. Plaintiff alleges Defendant Griffin refused to allow a replacement for tooth seven and refused to permit a root canal to save tooth six. Plaintiff alleges this medical care constituted deliberate indifference as well as cruel and unusual punishment. ECF No. 9, p. 3.

Plaintiff proceeds against Defendant Griffin in his official and personal capacities. ECF No.9, p. 3. Plaintiff seeks compensatory damages for future orthodontic surgery and implants to replace lost teeth, counsel fees, filing fees, and all other expenses relating to the claim. Plaintiff also seeks punitive damages. ECF No. 9, p. 4.

Defendant Griffin filed his Motion to Dismiss on November 21, 2016. ECF No. 20. Plaintiff did not respond.

## 2. APPLICABLE LAW

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support their claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

## 3. DISCUSSION

Defendant Griffin argues Plaintiff's case against him should be dismissed on the following grounds: 1) Plaintiff failed to state a claim for deliberate indifference regarding his dental care; 2) Defendant Griffin is entitled to qualified immunity on the personal capacity claim because there is no constitutional right to a root canal or tooth implant; and 3) Plaintiff's official capacity claims are barred by sovereign immunity. ECF No. 21.

The Eighth Amendment prohibition of cruel and unusual punishment prohibits deliberate indifference to prisoners' serious medical needs. *Luckert v. Dodge County*, 684 F.3d 808, 817 (8th Cir. 2012). To prevail on his Eighth Amendment claim, Plaintiff must prove that Defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

The deliberate indifference standard includes "both an objective and a subjective component:

'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997)).

To show that he suffered from an objectively serious medical need Plaintiff must show he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (internal quotations and citations omitted). For the subjective prong of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation." *Popoalii v. Correctional Med. Servs,* 512 F.3d 488, 499 (8th Cir. 2008) (internal citation omitted). "Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Id*.

It is well settled that a "prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Nelson v. Shuffman,* 603 F.3d 439, 449 (8th Cir. 2010) (internal quotation marks and citations omitted). An "inmate must clear a substantial evidentiary threshold to show the prison's medical staff deliberately disregarded the inmate's needs by administering inadequate treatment." *Id.* Despite this, issues of fact exist when there is a question of whether or not medical staff exercised independent medical judgment and whether the decisions made by medical staff fell so far below the reasonable standard of care as to constitute deliberate indifference. *See Smith v. Jenkins,* 919 F.2d 90, 93 (8th Cir. 1990).

In this case, Plaintiff alleges only that he was not provided with a root canal and tooth implants to replace lost teeth. Plaintiff does not allege there was a denial or delay of dental care for him after his accident. Thus, Plaintiff merely disagrees with the dental treatment provided, which does not state a plausible claim under § 1983. See *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996) ("Prison officials do

not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment."); *Davis v. Norris*, 198 F.3d 249 (8th Cir. 1999) (unpublished) (disagreement over a particular type of dental procedure not actionable under the Eighth Amendment).

Because Plaintiff did not state a plausible claim, it is not necessary to address Defendant's other arguments.

## 4. CONCLUSION

Accordingly, I recommend Defendants' Motion to Dismiss (ECF No. 20) be GRANTED and Plaintiff's Complaint be DISMISSED without prejudice.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **28th day of July 2017.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE